```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BRIAN MOUNT and THOMAS NAIMAN,

                    Plaintiffs,

       - against -
                                        MEMORANDUM AND ORDER
PULSEPOINT, INC.,
                                        13 Civ. 6592 (NRB)
                    Defendant.
------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On September 18, 2013, plaintiffs Brian Mount and Thomas Naiman ("plaintiffs") filed this putative class action against defendant PulsePoint, Inc. ("PulsePoint"), asserting violations of the Wiretap Act, 18 U.S.C. § 2510 et seq., the Stored Communications Act (the "SCA"), 18 U.S.C. § 2701 et seq., the Computer Fraud and Abuse Act (the "CFAA"), 18 U.S.C. § 1030, and New York state law. At the time the case was filed, a multidistrict litigation involving different parties, but similar facts and claims, was pending in the District Court for the District of Delaware. The consolidated amended complaint in that case, In re Google Inc. Cookie Placement Consumer Privacy Litigation, MDL Civ. No. 12-2358-SLR (D. Del.) (the "Google MDL"), was dismissed on October 9, 2013. On October 28, 2013, PulsePoint sought to transfer the present case to the District of Delaware for inclusion in the Google MDL. We stayed the case pending a decision by the Judicial Panel on Multidistrict Litigation (the "JPML"). On

November 5, 2013, the Clerk of the Panel issued an administrative notice that the case was not appropriate for inclusion, and on February 18, 2014, the JPML denied PulsePoint's motion to transfer.

Because an appeal in the Google MDL is currently pending before the Third Circuit Court of Appeals, with briefing having begun a month ago, PulsePoint now asks the Court to stay the case pending the outcome of that appeal. Plaintiffs oppose this request and urge the Court to allow the case to proceed without further delay. For the reasons stated below, we grant PulsePoint's request to stay the case.

## DISCUSSION

"[D]istrict courts . . . may stay a case pursuant to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." WorldCrisa v. Armstrong, 129 F.3d 71, 76 (2d Cir. 1997) (citation omitted). "Although a court 'is obligated to exercise its jurisdiction over cases before it, and to guide those cases toward as speedy and inexpensive a conclusion as is consistent with permitting claims to be heard fairly,' it has the discretion to grant a stay 'when a similar action is pending in another court' and 'where a higher court is close to settling an issue of law bearing on the action.'" Estate of Heiser v. Deutsche Bank Trust Co. Ams., 2012 U.S. Dist. LEXIS 150265, at

2

*16 (S.D.N.Y. Oct. 17, 2012) (quoting LaSala v. Needham & Co., Inc., 399 F. Supp. 2d 421, 427 n.39 (S.D.N.Y. 2005)).

A stay is warranted here because the facts and legal issues presented in this case overlap extensively with those in the Google MDL. Both actions involve allegations that defendants used computer code to circumvent the privacy settings on plaintiffs' Safari browsers to allow placement of third-party tracking cookies on plaintiffs' computing devices, with the goal of increasing advertising revenue. Moreover, both actions involve claims under the same three federal statutes. Common legal questions include whether the injuries alleged are sufficient to confer Article III standing and whether uniform resource locators ("URLs") can contain "content" for purposes of the Wiretap Act.

Resolution of these issues by the Third Circuit in the Google MDL will offer valuable guidance in the present case. See Luv n' Care, Ltd. v. Regent Baby Prods. Corp., 2014 U.S. Dist. LEXIS 18645, at *4 (S.D.N.Y. Feb. 13, 2014) (holding that courts may stay a case "pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed if such a stay would be in the interests of judicial economy"); Catskill Mts. Chapter of Trout Unlimited, Inc. v. United States EPA, 630 F. Supp. 2d 295, 304-305 (S.D.N.Y. 2009) ("While the Eleventh Circuit's decisions in

Friends of the Everglades and in the Consolidated Petitions will not necessarily be binding on this Court, resolution of those cases may guide this Court in ruling on the key issues in this litigation.") (internal quotation marks, brackets, and ellipses omitted); Goldstein v. Time Warner New York City Cable Group, 3 F. Supp. 2d 423, 438-39 (S.D.N.Y. 1998) (staying proceedings pending D.C. Circuit's ruling on an issue substantially related to one before the court). A stay will allow the parties to address the Third Circuit's analysis of these issues when briefing PulsePoint's anticipated motion to dismiss, and will provide the Court a more solid foundation on which to rule.[1] Furthermore, a stay will only temporarily delay proceedings, and because the central dispute in this case is one of law, and not one that can be compromised by unavailable witnesses, fading memories, or lost documents, there will be little prejudice to plaintiffs.

Finally, we note that our decision to stay the case does not conflict with the JPML's order denying PulsePoint's motion to transfer. We read that order as being driven by a concern about the procedural posture of the Google MDL and specifically that the District of Delaware had already dismissed the MDL complaint when

---

[1] While we acknowledge that the state law claims are brought under the laws of different jurisdictions, this distinction does not change the result. Not only are the federal claims central, but if they were to be dismissed, it is far from clear that we would retain jurisdiction over the pendent state law claims.

4

PulsePoint sought to transfer this action. A transfer would therefore have bound plaintiffs to a dismissive decision that did not specifically address their allegations against PulsePoint. Those concerns, however, do not detract from the undeniable overlap of facts and legal issues in the two cases. In fact, the JPML order acknowledged that "PulsePoint engaged in conduct similar to that which the [Google] MDL defendants were accused -- namely, that PulsePoint overcame certain users' Safari internet browser privacy protections to set third-party tracking cookies." JPML Order at 1. Although such similarities did not justify transferring the case given the procedural posture of the Google MDL and the prejudice to plaintiffs, they do justify staying it. A temporary stay, which imposes minimal prejudice on plaintiffs given the predominance of legal issues, serves the interests of judicial administration and efficiency.[2]

## CONCLUSION

For the foregoing reasons, PulsePoint's request to stay the case pending a decision by the Third Circuit in the Google MDL is granted.

---

[2] A stay also accords with the JPML's suggestion that the parties utilize alternative mechanisms "to minimize the possibility . . . of inconsistent pretrial rulings." JPML Order at 2.

DATED: New York, New York
       March 5, 2014

                                              /s/ Naomi Reice Buchwald
                                              NAOMI REICE BUCHWALD
                                              UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

**Attorneys for Plaintiffs**

Frederic S. Fox, Esq.
Donald S. Hall, Esq.
David A. Straite, Esq.
Kaplan Fox Kilsheimer LLP
850 Third Avenue
New York, NY 10022

Laurence D. King, Esq.
Kaplan Fox Kilsheimer LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104

**Attorney for Defendant**

Michelle A. Kisloff, Esq.
Hogan Lovells LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004